Ajrnold L. Fein, J.
Motion by third-party defendant Westinghouse Electric Company (Westinghouse), for an order dismissing the third-party complaint for failure to state a cause of action.
Plaintiff, Consolidated Edison Company of New York (Con-Ed), sues Royal Indemnity Company (Royal), defendant and third-party plaintiff, under a boiler and machinery policy issued by Royal to Con-Ed, for property damages allegedly sustained by Con-Ed in the sum of $3,200,000, as a result of a breakdown of “ Big Allis ”, its large steam generator at Ravenswood, Queens, on July 21, 1970. Royal denies liability and has made no payment under the policy. It has impleaded both third-party defendants, alleging that the third-party defendant, Allis Chalmers Corp. (Allis), designed and installed Big Allis and that third-party defendant Westinghouse repaired Big Allis after the July 21, 1970 breakdown, and that said third-party defendants are liable for whatever damage Con-Ed sustained.
Westinghouse argues that the third-party complaint fails to state a cause of action against it because (1) Royal is barred from asserting subrogation rights by impleader, under its policy with Con-Ed, which makes subrogation depend on payment to the insured, which, admittedly, has not been made by Royal; and (2) Royal’s claim against Westinghouse is not to recover for “ all or part of the plaintiff’s claim ”, as is required by CPLR 1007, the impleader section.
The policy provision on which Westinghouse relies states: “ In the event of any payment under this policy, the Company shall be subrogated to the insured’s rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights.”
Westinghouse relies on Ross v. Pawtucket Mut. Ins. Co. (13 N Y 2d 233), holding that similar language in an automobile collision policy precluded the assertion of subrogation rights by impleader, because the cause of action of the insurer could not arise until it had paid its insured. However, the Court of Appeals has limited Ross to automobile collision policy cases, where the language of the policy may be read to preclude impleader, the claims are minor, prompt payment to the insured is essential and a reduction of court congestion will ensue. (Krause v. American Guar. & Liab. Ins. Co., 22 N Y 2d 147.) Krause was concerned with a “ claim for several million dollars on a broker’s bond involving serious liability *1077 questions ” (p. 154). Allowing impleader, the court said (p. 157), “ The primary purpose of a broker’s bond is not quick payment of small losses, but protection from ruinous losses. Thus, unlike the case with automobile collision policies, whatever additional delay might be incurred in permitting impleader here will not frustrate the main purpose for which the policy was purchased.”
Similarly here, the policy purpose is to protect against ruinous losses in the operation of this massive generator, and any delay involved in impleader will not frustrate that purpose. Nor does the plaintiff here object to impleader. The Krause court observed (p. 156) that parties could covenant between themselves in the insurance policy that “the insurer shall have no right to sue the third-party until the insurer’s liability has been established or the claim paid in part or in full ”, but stated that there was no such covenant there. The court distinguished Ross (13 N Y 2d 233, supra) on the ground that ■the Ross covenant so provided. The covenant here involved is substantially the same as the Ross covenant. However, this similarity is not controlling. All of the other factors including the policy considerations indicated to be dispositive in. Krause are here involved.
‘ ‘ The language of CPLR 1007 permits the defendant to implead any person who is or may be liable to him ’ and is certainly broad enough to encompass contingent claims based on subrogation.” (Krause v. American Guar. & Liab. Ins. Co., 22 N Y 2d 147, 152, supra.)
While the policy language may provide for subrogation when payment is made, the insurer’s right to implead is founded on the statute which does not make it dependent on payment in the absence of a policy provision explicitly so limiting or precluding impleader.
Accordingly, the motion is denied.